UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No.: 7:92-cr-00417-GRA-1 |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Michael Dewayne Clark, ) | (Written Opinion) |
| ) | |
| Defendant. ) | |

This matter comes before the Court on Defendant's Motion to Dismiss or Correct Error. For the reasons stated herein, this Court DENIES Defendant's Motion.

**Background**

Michael Dewayne Clark ("Defendant") was originally sentenced to 120 months incarceration and three years of supervised release. After completing his federal sentence, Defendant was returned to the state prison system to complete his state sentence. In November 2007, Defendant began to serve his term of supervised release. Defendant was subsequently arrested for a DUI, a violation of the terms of his supervised release. Accordingly, a warrant was issued for his arrest.

While awaiting judicial action stemming from his violation of supervised release, Defendant was arrested and convicted of assault in a North Carolina state court. On January 29, 2009, this Court denied a Motion from Defendant to either order that the federal government take custody of him or to allow him to serve both sentences concurrently. On February 22, 2010, this Court further declined to

terminate Defendant's supervised release. Defendant's current Motion asks this Court to rescind the arrest warrant, end the pending violation proceedings, and terminate the balance of his supervised release. Defendant claims that the pending proceedings in federal court are serving as a detainer against him, therefore preventing him from obtaining certain privileges or enrolling in certain programs in the North Carolina prison system.

## Standard of Review

Defendant brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## Discussion

Defendant's Motion appears to be asking for the same relief this Court denied in its orders dated January 29, 2009, and February 22, 2010. After a thorough review of the record, this Court finds that its prior decision was and is correct as a matter of law.

To the extent Defendant is attempting to argue that an invalid detainer in North Carolina exists due to the revocation of his federally imposed supervised release, this argument also fails. First, it is clear that a detainer arising from a federal

supervised release is not covered by the Interstate Agreement on Detainers (IAD). *United States v. Barber*, 998 F. Supp. 639, 640 (D. Md. 1998) (citing *Hopper v. U.S. Parole Comm'n*, 702 F.2d 842, 846 (9th Cir.1983)).[1]

Second, the U.S. Supreme Court has held that any revocation that imposes a detainer may await the completion of the prisoner's sentence, without violating any constitutional right. *Moody v. Daggett*, 429 U.S. 78, 88-89 (1976)." Any right to a speedy disposition does not begin to accrue until there is an actual execution of the revocation warrant on the prisoner after service of the active sentence of imprisonment." *Barber*, 998 F. Supp. at 640.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss or Correct Error is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July 21, 2010
Anderson, South Carolina

---

[1] "A detainer in this context is an internal administrative mechanism to assure that an inmate subject to an unexpired term of confinement will not be released from custody until the jurisdiction asserting a . . . violation has had an opportunity to act in this case by taking the inmate into custody or by making a . . . revocation determination. When two autonomous jurisdictions are involved, as for example when a federal detainer is placed against an inmate of a state institution, a detainer is a matter of comity." *Moody v. Daggett*, 429 U.S. at 80 n.2.

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendan has the right to appeal this Order within fourteen (14) days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**